IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

|  |  |  |
|---|---|---|
| HECTOR ALFONSO ARRELLANO DIAZ, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | 1:26-cv-463 (PTG/WEF) |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

## ORDER

This matter comes before the Court on Petitioner Hector Alfonso Arrellano Diaz's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is allegedly a citizen of El Salvador who entered the United States without inspection on or about 1991. *Id.* ¶ 1. According to the Petition, Immigration and Customs Enforcement ("ICE") officers detained Petitioner. *Id.* Petitioner is currently being detained at the Caroline Detention Center, which is within this Court's jurisdiction. *Id.* ¶ 2. Petitioner now sues Paul Perry, the Warden of the Caroline Detention Center, and others, alleging that his continued detention violates his constitutional rights. Dkt. 1 ¶¶ 57–60. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 4 at 1. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition[1] (Dkt. 4), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED.**

---

[1] In accordance with the Court's show cause order (Dkt. 2), Respondents filed a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Andrade Portillo v. Perry, et al.*, 1:25-cv-1646 (E.D. Va.). Accordingly, Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b).    This Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 5 at 6–9. *See, e.g.,* *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-13 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025).    Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See* *Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position.").    To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has resided in the United States since his entry into the country in or about 1991.[2] Dkt. 1 ¶ 1.    Therefore, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.    Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge.    Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this

_____

[2] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

2

Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that she is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless she has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 26ᵗʰ day of February, 2026.
Alexandria, Virginia

/s/

Patricia Tolliver Giles
United States District Judge

3